UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
STAR S., et al.,

                Plaintiffs,

- against -

"CHARLES" CLARK, et al.,

                Defendants.
----------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

01 CV 6871 (DLI) (CLP)

On October 16, 2001, Lizette Samuels, individually and on behalf of her infant daughters, Star S. and Sherry S., filed this action for damages against The Society for the Prevention of Cruelty to Children of the County of Kings, Inc. and other defendants stemming from the defendants' allegedly unlawful entry into plaintiffs' home and physical examination of the infant plaintiffs. On March 7, 2007, after the parties had agreed on a settlement, this Court held an infant compromise hearing and issued an Order approving the terms of the settlement as to the infant plaintiffs. The settlement included two $40,000 payments to be held in trust by Virginia Samuels, the mother of plaintiff Lizette Samuels, for the infant plaintiffs until each reaches the age of 18. (Affirmation of Guardian Ad Litem, dated March 7, 2007, ¶ 7). The settlement also included a $55,000 payment to plaintiffs' attorneys and a $15,000 payment to plaintiff Lizette Samuels. (Id. ¶ 8). On April 30, 2007, pursuant to the stipulation of the parties, the district court dismissed the action with prejudice.

By letter dated December 4, 2008, Virginia Samuels, trustee of the infant plaintiffs' settlement funds, writes as follows to request a disbursement from those funds: "My daughter Lizette Samuels is relocating to Virginia State. She needs clothing and furniture for my grandchildren. Anything you can do to assist her will be greatly appreciated." No further

information is provided.

Under New York Civil Practice Law and Rules §§ 1205-1211, New York Judiciary Law § 474, and Local Rule 83.2(a), the Court's role in monitoring the distribution of funds pursuant to a settlement of claims brought by an infant is to ensure that the interests of the infant are protected. See In re Marmol, 168 Misc.2d 845, 849, 640 N.Y.S.2d 969, 972 (N.Y. Sup. Ct. 1996) (stating that "[i]t is the duty of the court to protect the child's fund until he reaches his majority . . . ."); Mankis v. Misericordia Hospital, 111 Misc.2d 323, 324, 443 N.Y.S.2d 978, 979 (N.Y. Sup. Ct. 1981) (noting that the court's role is to protect against a "gnawing away of the infant's funds").

The purpose of these funds is not to supplement or substitute for the financial obligations of the parent to her child. Rather, the funds are to provide for the child's future, and the Court will only permit expenditure of the funds for an extraordinary purpose. See In re Marmol, 168 Misc.2d at 849, 640 N.Y.S.2d at 972 (holding that "it is the duty of the parent to support the child until [she reaches the age of majority]; it is the duty of the petitioner to submit detailed information which would justify the court's authorization to deplete the infant's funds for extraordinary expenses beneficial to the child and not affordable to the parents, and such approval should be disbursed directly to the creditor").

In this case, there has been no justification given to invade the children's funds to pay for clothing and furniture, expenses that are generally paid for by a child's parents. In the absence of a showing that the funds are for an extraordinary purpose, the court respectfully recommends that Ms. Samuels's application be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to

file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the plaintiffs by mail, and to defendants either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 9, 2008

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge